## The Mutual Life Insurance Company of New York v. Brock.

(Decided May 16, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Insurance—Insurer Held Not Bound by Adapted Illustration in Policy as to Surplus.—In 20-year deferred dividend policy, an adapted illustration showing "former policy results" as to surplus held not to bind insurer to pay such shown surplus.

WM. MARSHALL BULLITT, CHAS. S. GRUBBS, BRUCE & BULLITT and FREDERICK L. ALLEN for appellant.

HOBSON & HOBSON and FORMAN & FORMAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellee recovered of the appellant in the court below a judgment for $2,660.52, of which the appellant complains.

On March 15, 1897, the appellant issued to James E. Brock, then thirty-five years old, two policies, by each of which it insured his life in the sum of $5,000.00. Appellee undertook on his part to pay an annual premium on each policy of $329.20 for ten years. The policies were

absolutely identical. Both were what are known as "twenty-year deferred dividend policies." Each policy provided for a settlement at the end of twenty years, at which time the appellee was given six different settlement propositions. These settlement propositions are contained in what are termed "adapted illustrations." One of these is attached to each policy and they are absolutely identical. Therefore, only one need be copied into this opinion, and omitting the heading, which contains nothing material to the issues in this case, this adapted illustration is as follows:

PRINCIPAL SUM $5,000.00

Options at the end of 20 years.

| ADAPTATION | This surplus, i. e., the former results $2,270.00 added to the reserve value, or incorporated | FORM OF OPTIONS | The accompanying figures are correct as an illustration adapted from the past experience |
|---|---|---|---|
| A.　1.　$3,766.00　Reserve Guaranteed. | | "A"　To draw in cash the reserve as stated, together with the surplus results which may be apportioned. | |
| 　　2.　$2,270.00　Former Policy Results. | | | |
| 　　3.　$6,036.00　Reserve and Former Results. | | or "B"　To convert the surplus results which may be apportioned into an equivalent life income and draw the reserve in cash. | |
| B.　Equivalents for Reserve and Former Results. | | | |
| 　　4.　$192.65　Life Income. | | or "C"　Draw in cash the surplus results which may be apportioned and continue the policy for its original amount, as paid-up participating insurance with special "life income" annually. | |
| 　　1.　$3,766.00　In Cash. | | | |
| C.　2.　$2,270.00　Former Results. | | | |
| 　　　$5,000.00　At Death. | | or "D"　To continue policy and the surplus additions which may be apportioned, as paid-up participating insurance payable at death, with special "life income." | |
| 　　　$100.00　Special Income. | | | |
| D.　6.　$8,795.00　Paid up Insurance. | | | |
| 　　　$100.00　Special Income | | or "E"　To join to the special life income the equivalent income for the surplus results 'which may be apportioned and continue policy for original amount as paid-up participating insurance. | |
| E.　9.　$292.65　Joint Income. | | | |
| 　　　$5,000.00　At Death. | | or "F"　To buy a one year deferred life income with the total reserve and the surplus results which may be apportioned. | |
| F.　7.　$512.00　Life Income. | | | |

W. J. EASTIN, Secretary.

of the company.

At the end of twenty years, Brock decided to accept proposition ''A,'' whereupon the appellant paid him $3,766.00, the guaranteed reserve, and $939.74, which it said was the surplus, or a total of $4,705.74. The appellee demanded $6,036.00, that is, the appellee insisted that this $3,766.00 reserve should be paid him and that the surplus should be $2,270.00. The whole controversy is about this surplus. Appellee insists that there is $2,270.00 of surplus due him on each policy, while appellant insists that the surplus due on each policy was $939.74, a difference of $1,330.26, or upon both policies a difference of $2,660.52.

The appellant paid to Brock the sum which it admitted it owed him, and Brock sued upon these two policies to recover this $2,660.52. He was successful in this suit. The lower court followed the ruling of this court in the case of Foreman v. Mutual Life Insurance Company, 173 Ky. 547, and held that the appellant was required under its contract to pay to Brock the full amount of the surplus as stipulated in the adapted illustration. Since the decision of this case in the court below, this court has, in the case of Maddox v. Mutual Life Insurance Company, 193 Ky. 38, drawn a distinction between the adapted illustration in the Foreman case and the adapted illustration in the Maddox case. As the adapted illustration in this case is almost identical with the adapted illustration in the Maddox case, this judgment must be reversed for the reasons given in the Maddox case.