### Metropolitan Life Insurance Company v. Connelly, Executor.

(Decided May 1, 1925.)

#### Appeal from Grant Circuit Court.

Insurance—Written Illustration Accompanying Policy Held Not Guarantee of Surplus.—Written illustration accompanying 20-year deferred dividend policy, and estimating surplus on basis

of former policy results, held not to guarantee such estimated surplus at end of period.

MALLON & VORDENBERG and OVERTON S. HOGAN for appellant.

J. J. BLACKBURN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On May 13, 1898, the Washington Life Insurance Company of the city of New York issued to J. W. Crammer a policy by which it insured his life in the sum of $1,000. This policy was a "20 year deferred dividend policy," and by its terms the insured had, if living at the end of the twentieth year, certain options by way of settlement. The policy also provided that at this time the company would apportion a cash dividend payable to the insured. The option exercised in this case was the payment to the insured of the value of his policy and the dividend apportioned to it. At the time the insured was solicited for this policy, the insurer's agent showed to him a book containing illustrations of how this policy would probably work out, and accompanying the policy itself was a separate slip of paper entitled "Illustration" showing the probable value of the different options at the end of the twenty-year period. Illustrative of the option exercised, this paper stated that at the end of twenty years the reserve on this policy would be $1,000 and the surplus (i. e., dividend) $592, but accompanying this was the following: "The reserve is guaranteed. Surplus is based upon past experience and though estimated, it is confidently believed will be fully realized."

After this policy was issued, the insurer reinsured its risks in the Pittsburg Life and Trust Company of Pennsylvania, which company later became insolvent. Its assets were thought to be worth 72% of its liabilities, and on this basis appellant agreed to take over its assets and reinsure its risks, provided the policyholder would consent to the same and put his policy in lien for the 28% deficit. If the assets worked out more than 72%, credit would be given for the excess. Crammer agreed to this.

The twenty years having expired, Crammer demanded, in addition to the settlement of the reserve of the policy about which there is no dispute, the sum of $592, which he claimed had been guaranteed to him as a

dividend. The policy being absolutely silent as to the amount of any dividend to be paid, Crammer fell back on the paper called "Illustration" as a part of his contract and claimed that by it he was guaranteed the dividend claimed. As the insurer, prior to the appellant's assumption, had become insolvent and not only was there no surplus or dividend apportionable to this policy but actually a deficit for which Crammer voluntarily placed his policy in lien, the appellant declined to accede to Crammer's demand. Hence this suit, in which, tried on law and facts, the court gave Crammer judgment for the $592 sued for. Pending the suit, appellant tendered appellee the sum of $126, being his part of the excess realized from the assets over their estimated value, which tender was declined. Appellant appeals from the judgment entered. Crammer has died pending this appeal, but it has been duly revived in the name of his executor.

We apprehend the lower court decided this case as it did under the ruling of this court in the case of Forman v. Mutual Life Insurance Co., 173 Ky. 547, 191 S. W. 279. Since this case, however, this court has, in the case of Maddox v. Mutual Life Insurance Co., 193 Ky. 38, 234 S. W. 949, followed by Mutual Life Insurance Co. v. Brock, 203 Ky. 229, 262 S. W. 4, drawn a distinction between the adopted illustration in the Forman case and the adopted illustration in the Maddox case. As the facts of the case before us bring it within the rule of the Maddox and Brock cases rather than within that of the Forman case, for the reasons set out in the Maddox case the judgment in this case must be reversed, with instructions to grant appellant a new trial, and if the facts appear therein the same as the last trial to enter judgment for Crammer's executor in the sum of $126 only, the amount admitted to be due his estate by appellant.

Judgment reversed.